UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANIELLO GRIMALDI,

                Plaintiff,

              -against-

UNITED STATES DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF INVESTIGATION;
AND DONALD TRUMP,

                Defendants.

19-CV-10001 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this petition for a writ of mandamus seeking to have President Donald Trump arrested for various crimes that he has allegedly committed. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Aniello Grimaldi challenges "the refusal of the United States Department of Justice and the F.B.I. to arrest Mr. Trump for crimes committed before he was president." (Compl. at 2.) Plaintiff contends that President Trump's lawyer, Michael Cohen, admitted in *United States v. Cohen*, No. 18-CR-602 (WHP) (S.D.N.Y.), that he engaged in "crimes pursuant to a conspiracy with Mr. Trump." (*Id.*) Plaintiff notes that "[t]he criminal payments for which Cohen has pled guilty were solely to benefit Trump." (*Id.*)

Plaintiff asks the Court to "order a Writ of Mandamus to have Donald Trump arrested" and urges that this petition to arrest the co-conspirator should be referred to the district judge who presided over *Cohen*, No. 18-CR-602 (WHP). (*Id.* at 4.)

## DISCUSSION

Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring

criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Because Plaintiff lacks standing to challenge Defendants' conduct, the Court dismisses the petition for lack of subject matter jurisdiction. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (noting that "[i]f plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim[s]"); *see also Humphrey v. Syracuse Police Dep't*, 758 Fed. App'x 205, 206 (2d Cir. 2019) (noting that "[d]ismissal of a complaint for failure to allege standing should be without prejudice because the court lacks subject matter jurisdiction).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's petition for a writ of mandamus is dismissed for lack of standing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 4, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge